# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ONEAL WOODS,

                  Petitioner,

v.

UNITED STATES OF AMERICA,

                  Respondent.

Case No. 13-CV-385-JPS
(95-CR-187-JPS)


ORDER

In April 1996, this Court sentenced petitioner Oneal Woods to a term of imprisonment in criminal case number 95-CR-187. (95-CR-187, Docket #56). Thereafter, Mr. Woods filed a plethora of challenges, including the following:

> He unsuccessfully moved for collateral relief under 28 U.S.C. § 2255. *See Woods v. United States*, No. 96-C-1370 (E.D. Wis. Jan. 14, 1997). In the following years, he attempted several unauthorized successive collateral attacks. *See United States v. Woods*, 169 F.3d 1077 (7th Cir. 1999); *Woods v. United States*, No. 03-1539 (7th Cir. Aug. 4, 2003); *Woods v. Hastings*, No. 04-3598 (7th Cir. Nov. 30, 2004); *Woods v. United States*, No. 06-1513 (7th Cir. Mar. 29, 2006).

(95-CR-187, Docket #113).

This Court lacks subject matter jurisdiction to entertain a "second or successive motion" for collateral relief under 28 U.S.C. § 2255 absent authorization from the Court of the Appeals of the Seventh Circuit. *See* 28 U.S.C. § 2255(h); *Suggs v. U.S.*, 705 F.3d 279, 282 (7th Cir. 2013).

Therefore, Mr. Woods cites to *Magwood v. Patterson*, 130 S.Ct. 2788 (2010), for the proposition that his present petition under § 2255 is not second or successive within the meaning of the statute. (Docket #1). *Magwood* held

"that a petitioner's second challenge to his sentence under 28 U.S.C. § 2254 was not barred as 'second or successive' when it (a) came after the petitioner had been resentenced *because of a successful, initial section 2254 petition* and (b) asserted a claim based only on the resentencing." *Suggs*, 705 F.3d at 280 (emphasis added).

In support of his argument for subject matter jurisdiction, Mr. Woods points to the fact that this Court recently reduced his term of imprisonment by twenty (20) months (the "New Sentence") pursuant to 18 U.S.C. § 3582(c)(2). (Docket #142). However the New Sentence is not the result of a successful habeas petition, *Suggs*, 705 F.3d at 280, rather it is the result of a successful motion for "a reduction in the term of imprisonment imposed based on a guideline sentencing range that has been subsequently lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)" (95-CR-187, Docket #142).

With the benefit of the foregoing background and analysis, the Court is obliged to find that Mr. Woods' present action does not qualify for the benefit of *Magwood* and, therefore, his present petition under § 2255 (later-in-time to at least one prior § 2255 petition) is second or successive within the meaning of § 2255(h). Thus, this Court lacks subject matter jurisdiction over the present action. *Suggs*, 705 F.3d at 282.

Moreover, even if the Court possessed subject matter jurisdiction over Mr. Woods' present petition, the petition would not survive screening under Rule Four of the Rules Governing § 2255 Proceedings. Rule Four requires the Court to conduct an initial examination of the motion to determine "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief...." In this

connection, the Court would ascertain, *inter alia,* whether the grounds raised in Mr. Wood's petition have been procedurally-defaulted. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).

Here, Mr. Woods moved for reconsideration of the New Sentence (95-CR-187, Docket #s 143 and 144), however, the Court denied those motions on the merits. (95-CR-187, Docket #149). Subsequently, Mr. Woods filed a notice of appeal regarding the New Sentence (95-CR-187, *See* Docket #150, at page 2 (requesting the New Sentence be vacated)), however, his appeal (7th Circuit Case No. 13-1215) was dismissed "for failure to timely pay the required docketing fee" (95-CR-187, Docket #158). Therefore, Mr. Woods' present § 2255 claim(s) regarding his New Sentence have not been raised on direct appeal and he shows no cause or prejudice in this regard.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make "a substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the Court, no reasonable jurist would find it

debatable whether this Court was correct in its ruling on the present petition. Therefore, the Court must and will deny a certificate of appealability as to Mr. Woods' petition.

Accordingly,

IT IS ORDERED that petitioner Oneal Woods' motion to vacate, set aside or correct his New Sentence (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the petitioner is DENIED a certificate of appealability; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Case 2:13-cv-00385-JPS   Filed 04/16/13   Page 4 of 4   Document 2